# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RAMON LOPEZ MARTINEZ,

Petitioner,

v.

SENIOR WARDEN, et al.,

Respondents.

Case No. 5:26-cv-3619-MRA (SK)

**ORDER TO SHOW CAUSE AND GRANTING PETITIONER LEAVE TO FILE FIRST AMENDED PETITION**

When Petitioner Ramon Lopez Martinez constructively filed his 28 U.S.C. § 2241 petition on June 22, 2026, one of his primary claims was that he had not received a bond hearing since his arrest sometime in October 2025. However, as revealed for the first time in petitioner's traverse, he requested—and received—a custody redetermination hearing before an immigration judge the next month on July 9, 2026. At that bond hearing, he was ordered detained based on flight risk and danger to the community—with the latter finding evidently supported by petitioner's criminal history. Petitioner now alleges—in his traverse only—that the immigration judge incorrectly found him a flight risk and a danger. Meanwhile, on July 13, 2026, a different immigration judge denied petitioner's applications for asylum and withholding of removal—and ordered him removed to Mexico. Petitioner appealed that removal order the same day to the Board of Immigration Appeals (BIA). At the same time, though, petitioner now adds a claim—again

only in his traverse—that he is being indefinitely detained because of the time it will take the BIA to decide his appeal of the removal order.

A petitioner's traverse "is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). "In order for the [government] to be properly advised of additional claims, they should be presented in an amended petition." *Id.* That rule not only protects respondents' right to answer new claims, it also prevents the court from adjudicating theories that have never been tested through adversarial briefing. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025). At the same time, the claims in the original petition are all based on events preceding the July 9, 2026 bond hearing. Thus, the immigration judge's superseding detention order here—not any of the initial circumstances around petitioner's arrest and initial detention—is the operative agency action keeping petitioner "in custody" for § 2241 purposes. So even if there were anything unlawful about petitioner's initial arrest and detention, "they are not appropriately raised in a habeas petition, which considers the lawfulness of a continuing detention." *L-J-P-L- v. Wamsley*, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025); *see Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("[D]efects in an arrest are not cognizable in habeas corpus."). So under the original petition, "habeas relief is unavailable because his claims [there] have been mooted by a subsequent, unchallenged basis for detention." *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026).

* * *

For all these reasons, petitioner is ORDERED TO SHOW CAUSE in writing within 14 days of receiving this order why the original petition should not be dismissed because none of its claims, on their face, can provide a basis for habeas relief given the immigration judge's post-petition order denying bond. If, however, petitioner now wants to challenge his present custody based on the

immigration judge's July 2026 detention order, he is GRANTED LEAVE to file a first amended petition to that effect. That is not to suggest, however, that any such first amended petition would succeed on the merits; it is to say only that without an amended petition, there are no actionable habeas claims currently before this court.

If petitioner files a timely first amended petition, respondents shall have seven days from when that amended petition is entered on the docket to file their answer. Petitioner shall then have ten days from receipt of respondents' answer to file an optional reply. Upon the filing (or the expiration of the time for filing) of that reply, this matter will be submitted for decision without oral argument. Meanwhile, **if petitioner files no first amended petition or other written response to this order by the show-cause deadline, this action may be involuntarily dismissed—with no further warning or notice—for lack of prosecution and noncompliance with court orders**. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

Finally, if petitioner wants expedited consideration of his petition, he may also a file a notice of his consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) and General Order 26-05. There are no adverse substantive consequences for declining consent; it just means that the resolution of the petition must proceed through a two-step process: first, a report and recommendation to the district judge; and second, a period for any party to lodge objections (and for the opposing party to reply to those objections) against the report and recommendation.

IT IS SO ORDERED.

DATED: July 27, 2026

HON. STEVE KIM
United States Magistrate Judge