**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON LOPEZ MARTINEZ,<br>Petitioner,<br>v.<br>ACTING or CURRENT WARDEN, Adelanto ICE Processing Center, et al.,<br>Respondents. | Case No. 5:26-cv-03619-SK<br>**ORDER DENYING SUCCESSIVE AMENDED HABEAS PETITION**<br>A File No. 246-059-834 |

This is petitioner's second and successive petition under 28 U.S.C. § 2241, challenging (again) his civil immigration detention within this district. His last one was denied just a few weeks ago, and this court retained jurisdiction over any such successive § 2241 petition. Yet nothing has changed to warrant a different outcome. In fact, what the court said before when denying petitioner's first petition applies—in pertinent part—with full force to this repeat § 2241 petition:

> To the extent that he claims he is neither a danger nor a flight risk, that simply disputes the immigration judge's unreviewable factual findings or ultimate discretionary determination. *See* 8 U.S.C. § 1226(e); *Martinez v. Clark*, 124 F.4th 775, 782–84 (9th Cir. 2024); *Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026). Otherwise, any reviewable challenge to the immigration judge's decisions has not been administratively exhausted. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

(ECF 28).

This second amended petition re-challenging the immigration judge's decision—again—may thus be denied as an abuse of the writ. *See Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023). Even when reviewed on the merits, however, the amended petition still fails. Most relevant here, petitioner has never contested his criminal history, which includes arrests for attempted murder, driving under the influence, giving false identification to police, and inflicting corporal injury on a spouse. Petitioner was also convicted of narcotics offenses and assault with a deadly weapon, among other crimes. When he was arrested by immigration authorities, in fact, petitioner was driving without a license.

Citing that criminal history at petitioner's prolonged-detention *Rodriguez* hearing, the immigration judge ordered petitioner detained pending removal proceedings as a danger to the community. (ECF 21-1). The judge also found that he was a flight risk. (*Id.* at 2-3). Having reviewed the immigration judge's written detention order again, the court cannot detect any abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024). A "federal court reviewing a bond decision for abuse of discretion is not deciding whether it agrees with an immigration judge's assessment of flight risk or dangerousness." *Fan*, 2026 WL 2276462, at * 7. "Nor is a federal court deciding whether it would have granted release or bond in the first instance if presented with the same factual findings of the immigration judge." *Id.* To the contrary, the court "must uphold

the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see* 8 U.S.C. § 1252(b)(4)(B). So it is here.

Contrary to petitioner's conclusory assertion that the immigration judge improperly allocated the burden of proof, the detailed written detention order reveals that he applied the correct burden and standard of proof required in a prolonged-detention *Rodriguez* hearing within this district. (ECF 21-1). And contrary to petitioner's contention that he is not asking this court to second-guess the immigration judge, he is doing just that: "a petitioner who cannot state (and win) his claim without the court crediting different evidence, drawing different inferences from the record, or assigning different weight to competing facts is not challenging the application of a legal standard to established facts." *Fan*, 2026 WL 2276462, at *6 (cleaned up). "He is challenging the factual or discretionary findings themselves . . . which remain unreviewable under § 1226(e)." *Id.*; *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 153 (2020) (Breyer, J., concurring) (explaining that "challenges to factual findings" cannot be recast as "asserting legal error" when "substance belies that label").

Finally, as explained before, to the extent that petitioner disagrees with the immigration judge's detention order, his relief lies—first and foremost—in the Board of Immigration Appeals (BIA). That administrative appeal can include

contentions that the immigration judge committed procedural errors at the bond hearing. *See Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007). Petitioner cannot take a "short cut" to federal habeas court. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). If anything, the case for enforcing exhaustion is stronger here than usual because petitioner waived his right to appeal the detention order to the BIA. Excusing exhaustion in that circumstance would just encourage more, not less, "deliberate bypass of the administrative scheme." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

* * *

For all these reasons, the successive amended petition under 28 U.S.C. § 2241 is DENIED. The Court's October 12, 2026 judgment previously dismissing this action without prejudice remains in effect. To avoid further abuse of the habeas writ, however, the court will continue to retain jurisdiction over any subsequent filing by RAMON LOPEZ MARTINEZ (A# 246 059 834) claiming that he is being held in immigration custody within this district in violation of federal law. *See* 28 U.S.C. § 1651. All pending motions (ECF 31) are DENIED as moot.

IT IS SO ORDERED.

DATED: November 5, 2026

STEVE KIM
United States Magistrate Judge